Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff, and all others similarly situated*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL BAGGS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MATCO TOOLS CORPORATION, and DOES 1-10, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of California Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*); and<br>(2) Violation of the Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*).<br><br>**Jury Trial Demanded** |

Plaintiff NATHANIEL BAGGS ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## Introduction

1.    This case arises as a result of false, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, Matco Tools Corporation ("Defendant"), in an effort to deceive consumers and debtors into paying far more money than legally owed.

2.    In particular, Plaintiff, Nathanial Baggs ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from him and other consumers and debtors by systematically sending them mail based collection correspondence that charged these consumers and debtors an inextricably large amount of interest and falsely mischaracterizing the amount owed.

3.    Such conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is it is plausible that an unsophisticated consumer would believe they owe a higher amount than they in fact owe.

4.    Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments on amounts that they did not owe, thereby allowing Defendant to unfairly and unlawfully gain money from consumers and provide nothing in return.

5.    Defendant does not present consumers with a written copy of the correct terms of the purchase prior to purchase, in order to conceal the deception that is at issue in this case.

6.    The aforementioned written and oral representations are objectively false, and constitute a violation of Cal. Civ. Code §§ 1750 *et. seq.*

7.    Thus, Plaintiff brings class action claims against Defendant, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), which was enacted to

"eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e); Cal. Civ. Code §1788.1(b).

8.      On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease advertising and selling the Class Products in a manner that is deceptive, to disclose all hidden fees in a conspicuous manner at or prior to the point of sale, and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

1.      The action in this complaint arises under a federal question, namely the FDCPA, 15 U.S.C. § 1692, *et seq.*, and jurisdiction therefore proper pursuant to 28 U.S.C. § 1331.   Plaintiff's state law claim for Defendant's violations of the RFDCPA, Cal. Civ. Code § 1788, *et seq.*, arises under the same set of facts as Plaintiff's federal question, and supplemental jurisdiction is therefore proper pursuant to 28 U.S.C. § 1367(a). This class action is brought pursuant to Federal Rule of Civil Procedure 23.   All claims in this matter arise exclusively under California law

9.      This matter is properly venued in the United States District Court for the Central District of California, in that Defendant does business in the Central District of California and has its principal place of business and headquarters within this district. A substantial portion of the events giving rise to Defendant's liability took place in this district.

10.      There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the

matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

11.    In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

## THE PARTIES

12.    Plaintiff NATHANIAL BAGGS (hereinafter, "Plaintiff") is a citizen and resident of the State of California, County of San Bernardino. Furthermore, Plaintiff is a "debtor" as defined by the RFDCPA, Cal. Civ. Code § 1788.2(h).

13.    Defendant MATCO TOOLS CORPORATION. (hereinafter, "Defendant") is a corporation company with its principle place of business located and headquartered in Ohio.  Defendant's State of Incorporation is in Delaware. Furthermore, Defendant is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).  Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

14.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

15.    Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible

for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

16.    At all relevant times, Defendant ratified each and every act or omission complained of herein.   At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

17.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."   The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

**PLAINTIFF'S FACTS**

**CLRA**

18.    On or around September of 2022, Plaintiff started receiving collection letters and nonstop harassing phone calls from Defendant. Additionally, Defendant threatened to sue Plaintiff.

19.    Plaintiff signed up with Defendant to purchase tools through Defendant's sales representative. Plaintiff financed the tools and began making payments through Snap-On, a company that gives clients like Plaintiff a line of credit for tools and tool like products.

20.    Plaintiff's learned after receiving collection notices that his payments were not going directly to Defendant. Plaintiff does not know where or who his payments were going. The payment portal said Defendant's name Matco Tools. Plaintiff was led to believe his payments were going to the right place. It wasn't

until Plaintiff started receiving calls from Defendant that he owed over $14,000 that Plaintiff discovered something was wrong.

21.    Plaintiff further investigated and found out he was overcharged and the tools were not good quality and came from a company overseas other than Matco Tools.

22.    Plaintiff has been harmed as an actual and proximate result of Defendant's omissions and deception, and he therefore requests recompense.

23.    As a result of Defendant's fraudulent practices, described herein, Plaintiff has suffered emotional distress, wasted time, and anxiety.

24.    Defendant's representation, through statements and omissions, that consumers will not be erroneously billed and excessively charged constitute fraudulent affirmative misrepresentations of material fact that would be important to reasonable consumers when deciding between different tool companies.

25.    That is, had consumers, including Plaintiff, known that Defendant misrepresents is billing practices, then Plaintiff would never have purchased Defendant's products.

26.    Plaintiff alleges on information and belief that Defendant's policy and practice is to materially misrepresent the price of its products, through said fraudulent omissions and misrepresentations, to induce consumers to reasonably rely on the price of service, in order to induce their purchase of products from Defendant over law abiding competitors.

27.    Defendant has a duty to disclose the full cost of products, and other related charges, to consumers, prior to the time that they agree to purchase products from Defendant. Defendant has a duty to disclose these material terms, because such terms would be highly important to a reasonable consumer, because a failure to disclose such terms would have the effect of drastically and unexpectedly elevating the price of Defendant's products for consumers, and

because Defendant binds consumers to contracts of terms, thereby preventing consumers from easily getting out of their obligations with Defendant.

28.   Such tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

29.   Defendant expressly represented to Plaintiff, through written statements, the price of its products and services.

30.   Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase tools.

31.   In purchasing the Class Products, Plaintiff relied upon Defendant's representations.

32.   Such representations were clearly false because the prices of the products offered by Defendant were at a higher rate than represented.

33.   Plaintiff would not have purchased the products and services if he knew that the above-referenced statements made by Defendant were false.

34.   Had Defendant properly marketed, advertised, and represented the Class Products, no reasonable consumer who purchased or attempted to purchase the tools would have believed that it was the price it actually was.

35.   On information and belief, thousands of consumers have issued complaints online about similar experiences with Defendant charging them undisclosed rates, and attempting to bill them for hundreds of dollars more than they agreed to pay for products.  It is this practice that Plaintiff seeks to put an end to, and recover compensation for class members.

36.   Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments on debts that are not owed.

## PLAINTIFF'S FACTS
## RFDCPA

37.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

38.     Within in the last year, Defendant sent Plaintiff collection letters for debts that she did not in fact owe. That is, Plaintiff had paid any outstanding amount to Defendant, yet Defendant continued to badger him for allegedly unpaid bills.

39.     Plaintiff informed Defendant that he did not in fact owe the bills that Defendant said she owed, but Defendant continued harass him with erroneous collection notices.

40.     §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

41.     Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

      a) Engaging in conduct the natural consequences of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d);

      b) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4)); and

      c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening…(§ 1692e(5))

42.     As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to

Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ACTION ALLEGATIONS

43.     Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

44.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased or attempted to purchase one or more Class Products in the State of California, and who were charged excessively for said services and were billed in a manner other than as advertised or represented by Defendant.

45.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

46.     Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

47.     Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

48.     Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

49.     No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class members and Defendant.

50.     Rather, all claims in this matter arise from the identical, false, affirmative representations of the products, when in fact, such representations were false.

51.     There are common questions of law and fact as to the Class Members

that predominate over questions affecting only individual members, including but not limited to:

        (a)    Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

        (b)    Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

        (c)    Whether Defendant profited from the sale of the wrongly advertised tools;

        (d)    Whether Defendant violated California Bus. & Prof. Code § 17500, *et seq.*, and Cal. Civ. C. §1750 *et seq.*;

        (e)    Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

        (f)    Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

        (g)    The method of calculation and extent of damages for Plaintiff and Class Members.

52.    Plaintiff is a member of the Class he seeks to represent.

53.    The claims of Plaintiff are not only typical of all Class members, they are identical.

54.    All claims of Plaintiff and the Class are based on the exact same legal theories.

55.    Plaintiff has no interest antagonistic to, or in conflict with, the Class.

56.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendant during the Class Period.    Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein

irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

57. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

58. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violation of Consumer Legal Remedies Act**
**(Cal. Civ. Code § 1750 *et seq*.)**

59. Plaintiff incorporates by reference each allegation set forth above herein.

60. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

    a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);

    b. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Cal. Civ. Code § 1770(7);

    c. Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9);

    d. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

    e. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16);

61.   On or about November 3, 2017, through her Counsel of record, using certified mail with a return receipt requested, Plaintiff served Defendant with notice of its violations of the CLRA, and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that they must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believes to have been violated by Defendant.  Defendant gas not replied to this correspondence, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.  This letter is attached hereto as Exhibit A.

## SECOND CAUSE OF ACTION

### Violation of Rosenthal Fair Debt Collection Practices Act
### (Cal. Civ. Code § 1788 *et seq.*)

62.   Plaintiff incorporates by reference each allegation set forth above at paragraphs 1 through 61.

63.   To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## MISCELLANEOUS

64.   Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

65.   Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

66.   Plaintiff, on behalf of himself and the Class, requests the following relief:

FIRST AMENDED CLASS ACTION COMPLAINT

(a)    An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)    An order certifying the undersigned counsel as Class Counsel;

(c)    An order requiring MATCO TOOLS CORPORATION., at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)    An order requiring MATCO TOOLS CORPORATION. to engage in corrective advertising regarding the conduct discussed above;

(e)    Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

(f)    Punitive damages, as allowable, in an amount determined by the Court or jury;

(g)    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h)    Pre- and post-judgment interest; and

(i)    All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated: May 11, 2023           Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN, PC

By: _____
             TODD M. FRIEDMAN, ESQ.

             Attorney for Plaintiff NATHANIAL BAGGS

FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7                                          EXHIBIT A

8                                         CLRA LETTER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT

# Law Offices of Todd M. Friedman, P.C.

**ATTORNEYS FOR CONSUMERS**
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
323-306-4234 Toll Free
866-633-0228 Facsimile
California Office
www.toddflaw.com

E-mail: tfriedman@toddflaw.com

Writer licensed in:
California
Pennsylvania
Illinois

**May 11, 2023**

**<u>Via Certified U.S. Mail</u>**
Matco Tools Corporation
4403 Allen Road Stow
Stow, OH 44224

**Re:** *Nathanial Baggs – Confidential Settlement Communication Pursuant to FRE 408 and CEC 1152*

To Whom It May Concern:

Please be advised that our office represents Nathaniel Baggs ("Plaintiff"), and other similarly situated individuals, in pursuing class action wide legal claims against Matco Tools Corporation. ("Defendant") for violations of the Consumer Legal Remedies Act ("CLRA"), California Business, Professions Code §17200 ("RFDCPA"),.

Having been formally notified of our representation, we respectfully demand you not contact our clients for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below. Thus, please accept this correspondence as notice pursuant to the CLRA, of violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

**<u>Facts</u>**

On or around September of 2022, Plaintiff started receiving collection letters and nonstop harassing phone calls from Defendant. Additionally, Defendant threatened to sue Plaintiff.

1

Plaintiff signed up with Defendant to purchase tools through Defendant's sales representative. Plaintiff financed the tools and began making payments through Snap-On, a company that gives clients like Plaintiff a line of credit for tools and tool like products.

Plaintiff's learned after receiving collection notices that his payments were not going directly to Defendant. Plaintiff does not know where or who his payments were going.. The payment portal said Defendant's name Matco Tools. Plaintiff was led to believe his payments were going to the right place. It wasn't until Plaintiff started receiving calls from Defendant that he owed over $14,000 that Plaintiff discovered something was wrong.

Plaintiff further investigated and found out he was overcharged and the tools were not good quality and came from a company overseas other than Defendant.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below. Thus, please accept this correspondence as notice pursuant to the CLRA, of violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

Plaintiff has been harmed as an actual and proximate result of Defendant's omissions and deception, and he therefore requests recompense as stated in this letter.

## CLRA (*Cal. Civ. Code* §1750 *et seq.*) Violations

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1. Passing off goods or services as those of another *Cal. Civ. Code* §1770(1)

2. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. *Cal. Civ. Code* §1770(7)

3. Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; - *Cal. Civ. Code* §1770(14);

4. Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4));

5. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening…(§ 1692e(5))

6. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. *Cal. Civ. Code* §1770(16)

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages, civil penalties, and reasonably attorney's fees and costs. *Cal. Civ. Code* §§1780, *et seq.*.

By engaging in the conduct detailed above, Defendant violated Sections §1770(1), (7), (14), and (16) of the CLRA, thereby entitling Plaintiff to attorney's fees and costs, and actual and punitive damages.

## RFDCPA (*Cal. Civ. Code* §1788 et seq.) Violations

Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 as applied to Defendant through Cal. Civ. Code § 1788.17:

1. Falsely representing the character, amount, or legal status of Plaintiff's debt, including… (§ 1692e(2)(A));
2. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including … (§ 1692e(10);
3. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));
4. Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (15 U.S.C. § 1692e(5));

## Class Potential

At this stage, Defendant's fraudulent and deceptive business practices, and violations of both California and federal law, have impacted thousands of consumers throughout the state of California and/or the nation. Thus, we anticipate a either a state and/or nation-wide class of thousands of consumers whom Matthew Steiner will more than adequately represent. The conduct detailed above is systematic in nature. Thus, certifying a class will be very straightforward. Upon certifying a class, we will seek not only actual damages, but punitive damages and statutory damages, in addition to attorney's fees and costs. Defendant is facing seven-figure liability, at the very least.

Best regards,

Todd M. Friedman, Esq.
Attorney at Law

3